UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH CUSHINGBERRY,

    Plaintiff,

v.                                               Case No. 18-C-1495

PO NICHOLAS FEDERER, and
DETECTIVE TELLY KEMOS,

    Defendants.

## SCREENING ORDER

Plaintiff Joseph Cushingberry, who is currently incarcerated at Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On September 26, 2018, the court directed Cushingberry to forward to the Clerk of Court the sum of $16.33 as an initial partial filing fee in this action. Rather than paying the initial partial filing fee, Cushingberry filed a motion for an extension of time to do so. It appears that Cushingberry lacks the funds to pay the initial partial filing fee at this time. Therefore, the court waives the initial partial filing fee, grants Cushingberry's motion to proceed without prepayment of the filing fee, and will screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The plaintiff is required to pay the $400.00 filing fee for this action, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. In that case, the prisoner plaintiff proceeding *in forma pauperis* is

required to pay the full amount of the $350.00 statutory filing fee but not the $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). Cushingberry has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). Cushingberry was directed to forward to the Clerk of Court an initial partial filing fee of $16.33, but because he lacks the funds to pay the initial partial filing fee, the court waives the initial partial filing fee and will grant Cushingberry's motion for leave to proceed without prepaying the filing fee. *See* 28 U.S.C. § 1915(b)(4).

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the

2

complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Cushingberry alleges that, on June 24, 2018, he was involved in a car crash that resulted in the death of the other driver, an elderly woman. As a result of this accident, Cushingberry was put on the news and falsely accused of causing the accident. Cushingberry alleges that, in truth, the elderly woman drove into him. At some point after the car crash, Cushingberry alleges that he met with Defendant Detective Telly Kemos at District 1 Milwaukee Police Department, where Detective Kemos proceeded to interrogate Cushingberry about the car crash. Cushingberry claims that Detective Kemos was "looking to charge [him] as a criminal."

Both Cushingberry and the elderly woman were transported to Froedtert Hospital for treatment. The elderly woman passed away shortly after arrival. While at Froedtert, Defendant Officer Nicholas Federer questioned Cushingberry, asked for his blood work, and arrested him "because [Officer Federer] felt some kind of way about hearsay statements" given prior to Cushingberry's arrival at Froedtert. Once discharged from the hospital, Cushingberry was sent to Milwaukee County Jail, where he has remained ever since. Cushingberry alleges that, in addition to sustaining physical injuries from the car crash, he has been treated like a criminal, he lost his job and car, his family has been torn apart, and he has not seen his child in months.

## THE COURT'S ANALYSIS

Cushingberry's allegations against PO Federer plausibly amount to a Fourth Amendment claim for false arrest, but such a claim may be barred under *Heck v. Humphrey*. *See* 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that "in order to recover damages for . . . harm caused by

3

actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed" or subsequently declared invalid. *Id.* at 486–87. "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393 (2007). Cushingberry currently faces a criminal felony charge stemming from the car crash at issue in this civil action. *See State v. Cushingberry*, Milwaukee County Case No. 2018CF002980. Because the validity of PO Federer's arrest of Cushingberry at Froedtert is likely to be resolved in the course of the criminal proceedings, whether Cushingberry may proceed on his false arrest claim depends on the outcome of such proceedings. *Wallace*, 549 U.S. at 394 ("If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."). Staying this action is thus appropriate until Cushingberry's criminal case resolves.

Regarding his allegations about Detective Kemos, Cushingberry has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)). Cushingberry alleges that, while at District 1 Police Department, Detective Kemos interrogated him and asked him to "explain" the car crash, to which Cushingberry responded that he was the victim in the crash because he was hit. Cushingberry alleges that Detective Kemos sought to charge him as a criminal. "A plaintiff may sue under § 1983 for police behavior that 'shocks the conscience,' including

4

'conscience-shocking interrogation tactics.'" *Cairel v. Alderden*, 821 F.3d 823, 833 (7th Cir. 2016) (citations omitted). In determining whether behavior shocks the conscience, the "ultimate question" is "whether the conduct is 'too close to the rack and the screw.'" *Id.* (citations omitted). Lying to, threatening, or insulting a suspect does not shock the conscience. *Id.* Cushingberry does not allege that Detective Kemos engaged in conscience-shocking behavior. Indeed, Cushingberry does not allege that Detective Kemos was coercive to any degree. Accordingly, Cushingberry has failed to state a claim against Detective Kemos.

**IT IS THEREFORE ORDERED** that the plaintiff's obligation to pay the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time to pay the initial partial filing fee (ECF No. 7) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff's claims against Detective Telly Kemos are **DISMISSED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending entry of a judgment in the criminal proceedings in *State v. Cushingberry*, Milwaukee County Case No. 2018CF002980.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

Dated at Green Bay, Wisconsin this  16th  day of October, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court